## Neish v. Aliquippa Borough

*John Conte,* for plaintiffs.
*Arthur S. Herskovitz,* for defendant.

McCREARY, P. J., March 19, 1963.—After the above named plaintiffs filed a complaint in equity against defendant and after an answer thereto had been filed by defendant, a petition for intervention was filed by The Association of Mayors of the Boroughs of Pennsylvania requesting that permission be granted to said association to intervene as a party plaintiff on the ground that "legally enforcible interests of its members and all other borough mayors throughout the Commonwealth of Pennsylvania will be definitely affected by the determination of the issues involved in this case, because not only the many members of the Association but all borough mayors throughout the Commonwealth of Pennsylvania may find themselves stripped of their authority as established by the Legislature and unable to perform their duties which have been heretofore established in the Borough Code."

Rule 2327 of the Rules of Civil Procedure, outlining who may intervene, provides, inter alia, that at any time during the pendency of an action a person not a party thereto shall be permitted to intervene therein subject to three rules, if (1) ...... (2) ...... (3) ...... or "(4) the determination of such action may affect any legally enforceable interest of such person

whether or not he may be bound by a judgment in the action."

In the commentary on Rule 2327-7 (Person Possessing a Legally Enforceable Interest), Goodrich-Amram says:

"Clause (4) of Rule 2327 permits the intervention of a person possessing a legally enforceable interest which may be affected by the proceedings, without regard to whether he would be technically bound by the judgment entered in the action. As stated in the Committee Note, this provision is an adaption of Pennsylvania Equity Rule 25 and is an attempt to restate the traditional equity rule that persons having an interest may intervene. *Under this provision, the applicant for intervention must own an interest in or a lien upon property in question or must own a cause of action which will be affected by the action. He must have some right, whether legal or equitable, which will be affected by the proceedings. If the applicant lacks such an interest he can not intervene merely because he is interested in the outcome of the action.* Thus a guardian ad litem for grandchildren can not intervene in partition proceedings when the court has already construed the will devising the partitioned land so as to exclude the grandchildren from any interest in the land. General creditors of a plaintiff cannot intervene in an action brought by him against a third party even though a recovery for the plaintiff might indirectly inure to their benefit by increasing the assets of the plaintiff, their debtor. Similarly, creditors of a debtor cannot intervene as co-defendants in an action by a third person against their debtor on the ground that an adequate defense will not be made to the claim against their debtor unless they are permitted to intervene. A person who has obtained an injunction against a corporate defendant and who might be entitled to an accounting cannot intervene in an action brought by a third person

against the defendant to compel the latter to perform its contract to convey all its assets to such third person. On the same ground of lack of direct legal interest, a school district is denied the right to intervene in an appeal by a landowner from the tax assessment of his property although the district claims that if the assessment is reduced by the court the taxes which the district will receive will be proportionately reduced."

It occurs to the court that petitioner lacks such an interest in the case we are considering and, therefore, cannot intervene for the reason that the petitioning association merely is interested in the outcome of the action and that it would, therefore, not have a legally enforcible interest which may be affected by the proceedings.

However, this court will welcome the participation of the petitioning association in this important trial as amicus curiae, at least to the extent of furnishing a brief to the court outlining the association's position in the matter. Counsel for the petitioning association may even induce counsel for the plaintiffs to sit with counsel for the plaintiffs in the trial of the cause and to co-operate with counsel for the plaintiffs in preparing a brief or argument for the court. The matter has such State-wide importance that the court will welcome any assistance in solving the matter that the association may have at hand.

Entertaining these views, we enter the following

### Order

Now, March 19, 1963, for the reasons stated, the rule to show cause why The Association of Mayors of the Boroughs of Pennsylvania should not be permitted to intervene is discharged, but permission is granted to the association to file a brief amicus curiae and to lend such other aid in the solution of the problem confronting the court as the association may have at hand.